IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NELSON FUNEZ CONTRERAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-1929 (LMB/IDD) |
| ) | |
| TODD M. LYONS, et al., ) | |
| ) | |
| Respondents. ) | |

ORDER

Petitioner Nelson Funez Contreras ("Funez"), an alleged native and citizen of Honduras, has filed a three-count Amended Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") since October 20, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I); the bond regulations at 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 (Count II); and his due process rights (Count III).

Funez is currently detained at the Caroline Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Paul Perry, the superintendent of the Caroline Detention Facility. Funez has also sued Todd M. Lyons, the Acting Director of ICE; Joseph Simon, the Acting Field Office Director of the Washington Field Office of ICE's Enforcement and Removal Operations division; Kristi Noem, the DHS Secretary; Pamela Bondi, the Attorney General; and DHS (collectively, "the federal respondents"). For the reasons discussed in this

Order, the Court finds that Funez is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted as to Count III, and respondents will be ordered to provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a), within the next 14 days.[1]

I.

According to his Petition, Funez has resided in the United States since October 2010, and lives in Harrisonburg, Virginia with his partner and seven children, two of whom are U.S. citizens.[2] [Dkt. No. 2] at ¶¶ 45, 48. Funez has worked consistently as a construction contractor and pays his taxes. Id. at ¶¶ 48-49.

On or about August 17, 2025, Funez was placed into immigration custody by ICE after ICE agents interviewed petitioner at Rockingham Harrisonburg Regional Jail where he was being held by local authorities who had arrested and charged him with assault and battery on a family member in Harrisonburg, Virginia.[3] [Dkt. No. 7-1] at ¶¶ 6-7. On October 19, 2025, he

---

[1] Because the Court is granting relief on due process grounds, it need not address Funez's arguments based on the INA and the implementing bond regulations.

[2] The Court notes a factual discrepancy between petitioner's pleadings and information provided by the federal respondents. Funez's petition alleges that he lives in Virginia with his partner and seven children; however, information provided by the federal respondents states that petitioner "claims to be single and claims to have one [U.S. citizen] child residing with the biological mother." [Dkt. No. 9-1] at 2.

[3] There is a second factual discrepancy between petitioner's pleadings and information provided by the federal respondents. Although Funez's petition alleges that "[u]pon information and belief, [p]etitioner does not have any criminal convictions," this assertion is directly contradicted by criminal history provided by the federal respondents. Funez was convicted of assault and battery on a family member by the Rockingham County Juvenile and Domestic Relations Court and was sentenced to 90 days of confinement with 75 days suspended. [Dkt. No. 9] at 2.

2

was issued a Notice to Appear ("NTA"),[4] which charged him with being inadmissible to the United States—and therefore subject to removal—pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i)(I). [Dkt. No. 7-1] at ¶ 9. An initial master calendar hearing before an immigration court was scheduled for November 3, 2025, which petitioner attended with legal representation. Id. at ¶¶ 9-10. The Immigration Judge continued the case to another master calendar hearing scheduled for November 13, 2025. Id. at ¶ 10. Since being detained by ICE, Funez has not been scheduled for a bond hearing before an Immigration Judge. See [Dkt. No. 2] at ¶ 51.

The Amended Petition for Writ of Habeas Corpus was filed on November 2, 2025.[5] [Dkt. No. 2]. This Court subsequently entered an Order requiring that Funez not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 3]. On November 5, 2025, Funez filed a Proposed Release Plan, which shows a fixed home address in Harrisonburg, Virginia, where he will reside if released with his partner, U.S. citizen child, and U.S. citizen stepdaughter. See [Dkt. No. 5] at 1. The federal respondents have filed an opposition. [Dkt. No. 7]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Funez's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). The federal respondents contend that Funez's detention is governed by

---

[4] A Notice to Appear is a "[c]harging document" that "initiates a proceeding before an Immigration Judge." 8 C.F.R. § 1003.13.

[5] The petition was amended to replace respondent Russell Hott with respondent Joseph Simon. See [Dkt. No. 2] at 4.

3

§ 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into the U.S. and those who are present without a lawful admission." [Dkt. No. 7] at 7. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 7-8. Therefore, they argue that because Funez has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 11.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as multiple district courts throughout the country have found,[6] is contrary to DHS's implementing regulations and published guidance, the decisions of its Immigration Judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will

---

[6] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

      This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons, et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons, et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon, et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released on a $1,500 bond); Perez Bibiano v. Lyons, et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem, et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't, et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); Sanchez Saire v. Elliston, et al., 1:25-cv-1808-LMB-WBP, Dkt. No. 9 (E.D. Va. Nov. 4, 2024) (released on a $1,500 bond); Ortiz Martinez v. Noem, et al., 1:25-cv-1816-LMB-WEF, Dkt. No. 16 (E.D. Va. Nov. 4, 2025) (released on a $5,000 bond); see also Chaudhari v. Crawford, et al., 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Funez has been present in the United States for over 15 years. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Funez's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Funez's continued detention is unlawful.

### III.

For all the reasons stated above, Funez's Petition [Dkt. No. 2] is GRANTED, and it is hereby

ORDERED that respondents provide Funez with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order. Because Funez has a recent conviction for domestic assault and it appears he was not released by the state court on bond while that matter was pending, Funez will remain in custody until his bond hearing, and the federal respondents must make arrangements for his transportation to that hearing to ensure he appears at the bond hearing; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Funez on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Funez is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[7]; and it is further

---

[7] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

ORDERED that respondents file a status report with this Court within three days of the bond hearing, stating whether Funez has been granted bond, and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to enter judgment in Funez's favor pursuant to Fed. R. Civ. P. 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for November 14, 2025, and close this civil action.

Entered this 13th day of November, 2025.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge